**Lamont PATTERSON, Petitioner,**

**v.**

**Charles SCULLY, Warden of Green Haven Correctional Facility and Robert Abrams, Attorney General, State of New York, Respondents.**

**No. 84 Civ. 7603 (EW).**

United States District Court,
S.D. New York.

Nov. 7, 1985.

Lamont Patterson, pro se.

Elizabeth Holtzman, Dist. Atty., Kings County, Brooklyn, N.Y., for respondents; Karen M. Wigle, Asst. Dist. Atty., Brooklyn, N.Y., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner's convictions in the Supreme Court of the State of New York, Kings County, entered upon his plea of guilty to murder in the second degree and robbery in the first degree were affirmed by the Appellate Division, Second Department. He was sentenced to concurrent terms of 15 years to life on the murder charge and $8\frac{1}{3}$ to 25 years on the robbery charge.

Following the filing of a notice of appeal, designated appellate counsel applied, pursuant to *Anders v. California*[1] and *People v. Paige*,[2] to be relieved of the assignment on the ground that no non-frivolous issues were presented by the record. The application was granted and the judgment of conviction was unanimously affirmed. Petitioner was notified of the affirmance of the conviction and was informed that if he believed there were issues that should be presented to the Court, these could be included in a motion for reargument. His motion for reargument was denied.

Thereafter, petitioner instituted the instant proceeding for a writ of habeas corpus, asserting deficiencies in the acceptance of his guilty plea and deprivation of his rights on appeal, allegedly in violation of his federal constitutional rights. These claims are (1) that he was denied the effective assistance of his trial counsel because the latter failed to inform him of the affirmative defense to the felony murder charge[3] and the sentences he could have received if convicted after trial; (2) that his plea was not voluntarily and intelligently entered because he was unaware of the affirmative defense to a felony murder charge and the sentences he could have received after trial; and (3) that he was denied effective assistance of appellate counsel because the latter did not inform him of the precise date his appeal was to be submitted. These issues were presented to the Appellate Division in his *pro se* brief in support of his motion to reargue his appeal.

The petitioner's application for a habeas corpus writ was referred to a magistrate of

---

1. 386 U.S. 738 (1967).

2. 54 A.D.2d 631, 387 N.Y.S.2d 399 (1st Dept. 1976).

3. New York Penal Law § 125.25(3) (McKinney 1975 & Supp.1975–1984).

this Court, who in a detailed report recommended that the petition be dismissed without prejudice to refiling after petitioner exhausted his still available remedies—which were specified in the Report and Recommendation. The petitioner contends that he has exhausted available state remedies and urges that his application be determined on the merits. This Court, upon an independent *de novo* review of the entire record, adopts the recommendation of the magistrate, but goes beyond and finds that the petitioner's claims upon which he seeks federal habeas relief are without merit.

As to his claim that his trial counsel failed to inform him of an available affirmative defense to the felony murder charge, to wit, that he "[h]ad no reasonable ground to believe that [his co-defendant] was armed with a [deadly] weapon,"[4] petitioner's application makes it clear that prior to the entry of his plea that defense was the subject of discussion with his attorney who told him "to get a statement from co-defendant that petitioner did not know he had a gun and petitioner would get around the case." Thus, petitioner's claim that his lawyer did not inform him, or that he was not aware of the affirmative defense to the felony murder charge is without factual support. Moreover, with respect to an affirmative defense, such as that here at issue, "due process does not require that a defendant be advised of every basis on which he might escape or receive a lesser punishment for an offense that he has committed."[5]

■ But even if it were accepted that petitioner was not informed *in haec verba* and was not aware of the affirmative defense, this does not establish his further contention based thereon that his plea was not voluntarily and intelligently entered or that he was deprived of the effective assistance of counsel. To sustain "an ineffective assistance claim, a defendant must show more than simply that counsel's performance was not reasonable under prevailing professional norms; in most situations ... the defendant also must 'affirmatively prove prejudice' by showing that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different' in the sense of being more favorable to the defendant."[6]

A review of the record leaves no room to doubt that petitioner has failed to make the required showing. Upon his allocution, petitioner, in response to the Court's inquiry, acknowledged that he had sufficient time to discuss the case with his attorney. The Court specifically asked "You know that Mr. Ramsey [the co-defendant] was armed with a gun?" Petitioner responded: "Yes."[7]

The Assistant District Attorney advised the Court that the plea had been the subject of extensive conferences with the defense and that members of the decedent's family who were present had no objection to a sentence of 15 years to life. Finally, the Court informed the defendant: "I have discussed this case with your attorney and the Assistant District Attorney and I have said that whatever sentence I impose in this case I intend to run that sentence concurrently with the sentence of fifteen years to life, which I have promised you on the murder case, you understand that?", to which petitioner responded "Yes."[8]

Thereafter, at sentencing, the petitioner, afforded the opportunity to make a statement on his own behalf, remained silent. The Court thereupon, as previously promised, sentenced the petitioner to concurrent terms of imprisonment of 15 years to life on the murder conviction and 8⅓ to 25 years on the robbery conviction. The plea bargain was kept in every respect. As a

4. *Id.* § 125.25(3).

5. *Mitchell v. Scully*, 746 F.2d 951, 956 (2d Cir. 1984), *cert. denied,* 105 S.Ct. 1765 (1985).

6. *Id.* at 954 (quoting *Strickland v. Washington*, 104 S.Ct. 2052, 2067–68 (1984)).

7. Plea minutes at 6, 9.

8. Plea minutes at 17.

result of the plea bargaining, defendant received the minimum sentence for the two crimes.[9]

Under all the circumstances, there is no basis for a claim of infringement of federal constitutional rights. Counsel here was of effective assistance and there is no support for any claim that petitioner's attorney did not provide reasonably effective assistance when judged by prevailing norms. The record also abundantly establishes that his guilty plea was voluntarily and intelligently entered. The advice he received from counsel was well " 'within the range of competence demanded of attorneys in criminal cases.' " [10]

Indeed, the record not only demonstrates that petitioner had the benefit of effective representation by the entry of his plea, but had he proceeded to trial on the issue of his affirmative defense he "would most likely have come out far worse than he did." [11] In *Mitchell v. Scully*, where the claims of deprivation of effective assistance of trial counsel paralleled those here advanced by petitioner, Judge Friendly noted "there was exceedingly little likelihood that presentation of the affirmative ... defense [in the case] would have succeeded." [12]

Had petitioner proceeded to trial, as the state sets forth in its brief, given his admission of his preparation for the crime and his role, the only other witness who could have supported his defense was the co-defendant. Thus, in order to prove the defense, "defendant or his co-defendant Thurman Ramsey, would have had to take the stand and admit the underlying facts of the robbery and the murder [on] April 14, 1980. If Ramsey had taken the stand, Ramsey's credibility could have been impeached not only by his participation in the crime but also by his lengthy criminal record." And indeed not only did petitioner fail to carry his burden of persuasion that there is "no reasonable probability" that but for coun-

sel's failure to inform petitioner of the affirmative defense (assuming he was not so informed) the result would have been any different in the sense of being more favorable, but the record is to the contrary. He was competently represented by his trial counsel, who successfully plea-bargained so that although charged with two separate and independent crimes he received the substantial benefit of concurrent sentences. Had defendant gone to trial upon his questionable defense and been convicted, he was subject to the risk that he would receive the maximum sentence for felony murder, 25 years to life, instead of a term of 15 years to life to run consecutively and not concurrently, with the maximum sentence of 25 years for the first-degree robbery charge.

■ Petitioner's final contention is that he was denied effective assistance of appellate counsel because the latter failed to inform him of the precise date his appeal was to be submitted. This claim as an alleged deprivation of federal constitutional rights is as lacking in substance as the other two claims. Appellate counsel, after informing petitioner that he concluded "no viable issues can be raised on your direct appeal" stated in a letter to petitioner, "as I told you in my previous letter, you have the right to file your own brief raising any points you wish the court to consider, and you have the right to request new counsel to assist you in presenting those points ... I cannot do anything else for you, and you must decide on the next step. If you decide to ask the court to consider certain issues and request new counsel, you should write to the court as soon as possible." Counsel's advice clearly was within the "range of reasonably effective assistance" and did not prejudice petitioner in any respect. The exact date the case was to be considered was of no consequence. The appeal was taken under submission. Upon

9. New York Penal Law §§ 70.00(2) and (3); 70.-30(1)(a) and (b) (McKinney 1975 & Supp.1975–1984).

10. *Mitchell,* 746 F.2d at 957 (quoting *Tollet v. Henderson,* 411 U.S. 258, 266 (1973)).

11. *Id.* at 955.

12. *Id.* at 954.

affirmance of petitioner's conviction as set forth above, he was advised of his right by the Clerk of the Appellate Division to present whatever matters he desired upon reargument. Petitioner did in fact do so and presented his claim in support of his motion to reargue his appeal.

Accordingly, the petition is dismissed.

So ordered.